IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| HAYWARD CREECH, JR., MICHAEL ) <br> FAUSTICH, and JERRY BENTLEY, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VIRGINIA FUEL CORPORATION, ) <br> ) <br> and ) <br> ) <br> SOUTHERN COAL KENTUCKY ) <br> CORPORATION d/b/a SOUTHERN ) <br> COAL CORPORATION, ) <br> ) <br>     Defendants. ) | Civil Action No. _____ <br> (Jury Trial Requested) |

Serve: Virginia Fuel Corporation
    Serve: CT Corporation System, Registered Agent
        4701 Cox Road, Suite 285
        Glen Allen, Virginia 23060

Serve: Southern Coal Kentucky Corporation d/b/a Southern Coal Corporation
    Serve: CT Corporation System, Registered Agent
        306 West Main Street , Suite 512
        Frankfort, Kentucky 40601

## **COMPLAINT – CLASS ACTION**

Plaintiffs, by counsel, allege as follows against the Defendants, Virginia Fuel Corporation ("Virginia Fuel") and Southern Coal Kentucky Corporation d/b/a Southern Coal Corporation ("Southern Coal").

1. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees of Defendants who were terminated without cause as part of a mass layoff or

1

plant closing of the Wilson One and Wilson Two mines owned and operated by Defendants. Defendants ordered the mass layoff or plant closing on or within ninety (90) days of May 15, 2013 and did not provide sixty (60) days advance written notice as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, et seq. Plaintiffs seek to recover sixty (60) days wages and benefits from Defendants as a single employer under the WARN Act.

### The Parties

2. Plaintiff Hayward Creech, Jr. was employed by Defendants as a single employer. Hayward Creech worked for Defendants in Wise County, Virginia for more than two (2) years prior to his termination on or about May 15, 2013, at which time he was laid off for more than six months.

3. Plaintiff Michael Faustich was employed by Defendants as a single employer. Michael Faustich worked for Defendants in Wise County, Virginia prior to his termination on or about May 15, 2013, at which time he was laid off for more than six months.

4. Plaintiff Jerry Bentley was employed by Defendants as a single employer. Jerry Bentley worked for Defendants in Wise County, Virginia for more than two (2) years prior to his termination on or about May 15, 2013, at which time he was laid off for more than six months.

5. Upon information and belief, Virginia Fuel Corporation is a corporation organized under the laws of Delaware, with its principal office in the City of Roanoke, Virginia. Virginia Fuel conducts business in this judicial district.

6. Upon information and belief, Southern Coal Kentucky Corporation is a corporation organized under the laws of Delaware with its principal office in the City of Roanoke, Virginia. Southern Coal Kentucky Corporation does business as Southern Coal

Corporation, a Kentucky Corporation with its principal place of business in the City of Roanoke, Virginia. Southern Coal conducts business in this judicial district.

7. Southern Coal at all relevant times was the parent company of Virginia Fuel and oversaw and directed Virginia Fuel's operations.

8. Upon information and belief, Defendants share the same address at 302 South Jefferson Street, Suite 600, Roanoke, Virginia 24011.

9. Upon information and belief, Southern Coal Kentucky Corporation and Virginia Fuel Corporation have the same officers and directors.

10. Upon information and belief, Defendants jointly controlled employment decisions concerning Plaintiffs and similarly situated employees.

**Jurisdiction and Venue**

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

12. Venue is proper in the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2), and 29 U.S.C. § 2104(a)(5) because the Defendant has its principal place of business within this judicial district and division.

**Facts**

13. In early May 2013, Defendants employed more than one-hundred-forty (140) full time employees at the Virginia Fuel plant in Wise County, Virginia.

14. In early May 2013, Defendants controlled, operated and maintained two (2) mining facilities at the Virginia Fuel plant. These mines were named or designated Wilson One and Wilson Two. Both mines at all relevant times were under Defendants' ownership and

control as a single employer and mine operator. The two mines were located less than one mile apart.

15. These two mines used common employees, management and equipment, rotated employees among facilities, and shared a common operational purpose, all under Defendants' ownership and control. For example, Plaintiffs Jerry Bentley and Michael Faustich worked in both Wilson One and Wilson Two mines and Hayward Creech worked at the warehouse that served both Wilson One and Wilson Two mines prior to their termination on or about May 15, 2013.

16. The two mines were closely integrated with one another and constituted a "single site of employment" for purposes of WARN Act enforcement.

17. On or about May 15, 2013, or within ninety (90) days of that date, Defendants shut down the mining operations described above and conducted a plant closing. This resulted in the termination and loss of employment of more than fifty (50) employees, including Plaintiffs.

18. At the time, Defendants' management told Plaintiffs and other employees the mining operations at the Wilson mines were being shut down. In fact, Virginia Fuel's "employee change form" with respect to Plaintiffs and more than fifty (50) other employees states as the reason for termination "Laid off, lack of work, general reduction in workforce."

19. Defendants discharged without cause and terminated more than fifty (50) employees on or about May 15, 2013, or within ninety (90) days of that date, in Wise County, Virginia, including Plaintiffs, as alleged above in paragraphs 17-18, without providing the mandatory advance notice of these involuntary terminations.

20. As a result of the employment losses described in preceding paragraphs, at least fifty (50) of Defendants' former full-time employees, including Plaintiffs, were unable to work

for at least six (6) months after their termination on or about May 15, 2013, or within ninety (90) days of that date.

## Violations of the WARN Act

21.    Plaintiffs repeat and reallege paragraphs 1 through 20 as if fully set forth herein.

22.    Defendants constitute "an employer" as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because Defendants operate a business enterprise that either employed at least one-hundred (100) full-time employees or employed at least one-hundred (100) employees, who in the aggregate, worked at least four thousand (4,000) hours per week, exclusive of overtime.

23.    Plaintiffs are affected employees as defined by 29 U.S.C. § 2101(5), for purposes of the WARN Act, because Defendants employed Plaintiffs and Plaintiffs reasonably expected to experience an employment loss as a consequence of a plant closing or mass layoff by Defendants in Wise County, Virginia.

24.    As an employer under the WARN Act, Defendants had an obligation pursuant to 29 U.S.C. § 2102 to provide written notice to affected employees or to a representative of the affected employees at least sixty (60) days prior to closing the plant or carrying out a mass layoff.

25.    Plaintiffs and Defendants' other aggrieved and affected employees at the plant in Wise County, Virginia, experienced a permanent and involuntary employment loss as a result of their discharge without cause on or about May 15, 2013, or within ninety (90) days of that date, which constituted a plant closing involving a temporary or permanent shutdown of the Wilson One and Wilson Two mines.

26. Alternatively, Plaintiffs and Defendants' other aggrieved and affected employees at the plant experienced an employment loss as a result of a mass layoff on or about May 15, 2013, or within ninety (90) days of that date, in which they were permanently and involuntarily terminated without cause or otherwise dismissed and removed from Defendants' operations and employment as part of a reduction in force.

27. Defendants failed to provide a written notice to Plaintiffs and the other affected employees at the plant in Wise County, Virginia, prior to closing the plant or carrying out a mass layoff.

28. As a result of a plant closing, a mass layoff, or both, at least fifty (50) of Defendants' full-time and affected employees, including Plaintiffs, who comprised at least thirty-three percent (33%) of the workforce at the mining operation in Wise County, Virginia, experienced an involuntary, continuous and ongoing employment loss for a period in excess of six months, which continues to cause them substantial economic and other harm.

### Class Allegations

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as if fully set forth herein.

30. Pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were terminated by Defendants on or about May 15, 2013, in Wise County, Virginia, or within ninety (90) days of that date.

31. The Class Members are so numerous that joinder of all Class Members is impracticable because Defendants terminated at least fifty (50) and as many as one-hundred-forty (140) employees.

32. Questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members. The principal question is Defendants' failure to comply with the requirements of the WARN Act.

33. The claims of the Plaintiffs are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Defendants' wrongful conduct in violation of the WARN Act.

34. The Plaintiffs will fairly and adequately protect the interest of the Class Members because Plaintiffs have retained competent and experienced counsel.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) the damages suffered by each individual Class Member are modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this particular forum shall promote judicial economy.

**Damages and Relief Requested**

36. Pursuant to Rule 23(a), (b) and (c) of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5), and other applicable law, Plaintiffs request that the Court certify that Plaintiffs and all other similarly situated employees from Defendants' closing of the plant or mass layoff in Wise County, Virginia, constitute a single class.

37. Plaintiffs request that the Court designate them as class representatives as permitted by 29 U.S.C. § 2104(a)(5).

38. Plaintiffs request that the Court appoint the undersigned attorneys as class counsel as permitted by Rule 23(g) of the Federal Rules of Civil Procedure and empanel a jury to hear their claims.

39. As a result of Defendants' violation of the WARN Act, Plaintiffs respectfully request that the Court order Defendants to pay Plaintiffs and all other similarly situated employees up to the maximum amount of statutory damages, including interest, to the extent permitted in 29 U.S.C. §§ 2104(a)(1) & (2).

40. Plaintiffs request that the Court order Defendants to pay Plaintiffs' reasonable attorneys' fees, litigation expenses, and other costs that Plaintiffs incur in pursuing this action as authorized by 29 U.S.C. § 2104(a)(6).

41. Plaintiffs request that the Court grant them and all other similarly situated employees any such other relief as it may deem just and proper together with interest and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY.

                              HAYWARD CREECH, JR., MICHAEL FAUSTICH, and JERRY BENTLEY

                              By: s/Paul G. Beers
                                    Of Counsel

Paul G. Beers (VSB # 26725)
E-mail: pbeers@glennfeldmann.com
Devon J. Munro (VSB # 47833)
E-mail: dmunro@glennfeldmann.com
Andrea Hopkins (VSB # 85093)
E-mail: ahopkins@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P. O. Box 829
Norton, Virginia 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

Counsel for the Plaintiffs