IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| HAYWARD CREECH, JR., ET AL, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:14CV00006 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| VIRGINIA FUEL CORPORATION, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, and Hugh F. O'Donnell, Client Centered Legal Services of Southwest Virginia, Norton, Virginia, for Plaintiffs. Todd A. Leeson, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, for Defendant.*

In this class action lawsuit under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101-2109, the plaintiffs allege that they were terminated without cause as the result of mass layoffs or plant closings without 60 days written advanced notice. The plaintiffs seek to recover 60 days wages and benefits from the defendant, Virginia Fuel Corporation, for themselves and all similarly situated employees.

Currently before the court is the defendant's Motion to Strike Jury Demand. Because I am persuaded that neither the statutory text nor the Seventh Amendment provides a right to trial by jury in WARN Act cases, I will grant the defendant's motion.

I.

The WARN Act prohibits certain employers from ordering a plant closing or mass layoff unless each employee who suffers an employment loss is provided 60 days' advance written notice of the mass layoff or plant closing. 29 U.S.C. § 2102; *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 545-46 (1996). Employers who violate the Act are liable to each affected employee for the following:

> (A) back pay for each day of violation at a rate of compensation not less than the higher of--
>
> > (i) the average regular rate received by such employee during the last 3 years of the employee's employment; or
> >
> > (ii) the final regular rate received by such employee; and
>
> (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

29 U.S.C. § 2104(a)(1). The employer is also subject to a civil penalty of not more than $500 per day of violation. *Id.* § 2104(a)(3). The employer is liable for the period of the violation, up to a maximum of 60 days, but no more than one-half the number of days an employee was employed by the employer. *Id.* § 2104(a)(1). Further, the employer's liability may be reduced by certain payments to employees

for the period of violation, such as wages and healthcare premiums. *Id.* § 2104(a)(2).

The Act provides employers a defense to liability, stating that if "the act or omission that violated this chapter was in good faith and . . . the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section." *Id.* § 2104(a)(4).

The Act specifies that the above penalties "shall be the exclusive remedies" for any violation, and that federal courts do not have authority to enjoin a plant closing or mass layoff under the Act. *Id.* § 2104(b).

## II.

Few courts have decided whether there is a right to jury trial under the WARN Act, and the Fourth Circuit has not yet decided the issue. The weight of existing authority — including the Sixth Circuit court of appeals, the only circuit court to have squarely addressed the issue — holds that there is no right to jury trial because the Act's remedies are equitable in nature. *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 840-45 (6th Cir. 2011); *see also Day v. Celadon Trucking Servs., Inc.*, No. 4:09CV00031 SWW, 2014 WL 2718188 at *11 (E.D. Ark. June 16, 2014); *Nelson v. Formed Fiber Technologies, LLC*, No. 2:10-cv-473-GZS, 2012 WL 118490 at *1-6 (D. Me. Jan. 13, 2012), *aff'd*, 2012 WL

-3-

Case 2:14-cv-00006-JPJ-PMS   Document 52   Filed 11/24/14   Page 3 of 12   Pageid#: 637

1253050 (D. Me. Apr. 13, 2012). The plaintiffs argue that *Bledsoe* was wrongly decided, relying on an Eastern District of Arkansas opinion concluding that the Act's remedies are legal and finding a right to jury trial. *See Bentley v. Arlee Home Fashions, Inc.*, 861 F. Supp. 65, 65-68 (E.D. Ark. 1994).

As an initial matter, I agree with other courts that the WARN Act itself does not provide a statutory right to jury trial. *See, e.g.*, *Bledsoe*, 635 F.3d at 841; *Nelson*, 2012 WL 118490, at *1. The text of the Act does not speak to the issue, nor does the legislative history provide clarity as to Congress's intent.[1] *Bledsoe*, 635 F.3d at 841 ("The WARN Act neither speaks directly to the question of whether there is a right to jury trial nor otherwise makes clear an intention in this regard."). Absent an indication that Congress intended the WARN Act to confer a right to jury trial, the question is whether the jury trial right is assured under the Seventh Amendment's guarantee of jury trial "in Suits at common law." U.S. Const. art. 7; *see Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 827 (4th Cir. 1994)

---

[1] The plaintiffs argue that the legislative history of the WARN Act supports a statutory right to jury trial. They point to Senator Orrin Hatch's comments criticizing the bill during a Senate debate, where he questioned whether "the publicity, deliberations, and outcome of a jury trial under these circumstances would truly be objective and fair." 134 Cong. Rec. S8598-01 (daily ed. June 27, 1988) (statement of Sen. Orrin Hatch), 1988 WL 172881. Senator Hatch, however, was speaking in opposition to the bill, and "'the fears and doubts of the opposition are no authoritative guide to the construction of legislation.'" *Bentley*, 861 F. Supp. at 67 (quoting *NLRB v. Fruit & Vegetable Packers & Warehousemen, Local 760*, 377 U.S. 58, 66 (1964)). Although Senator Hatch's comments remain relevant absent a response from the WARN Act's proponents, *id.*, without further evidence I am reluctant to credit his interpretation as probative of congressional intent.

(noting that if a "statute is silent on the issue of jury trial, then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment").

Under the Seventh Amendment, "the phrase 'Suits at common law' " means "not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Curtis v. Loether*, 415 U.S. 189, 193 (1974) (internal quotation marks and citation omitted). Therefore, whether the Seventh Amendment guarantees a right to jury trial turns on whether the claims at issue are legal or equitable — an inquiry that "requires examination of the nature of the issues involved and the remedy sought." *Bledsoe*, 635 F.3d at 841 (citing *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991)). In this determination, the court must first "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, "examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (internal quotation marks and citation omitted). The second prong of the inquiry is the more important to the analysis than the first. *Id*.

As to the first prong, "[i]t is undisputed that no action for failing to give advance notice of an employment loss was known to 18th-century England." *Bledsoe*, 635 F.3d at 841. The plaintiffs contend, however, that a WARN Act claim is analogous to several actions at law that were recognized prior to the merger of courts of law and equity, including breach of contract and wrongful termination.[2] *See Bentley*, 861 F. Supp. at 67-68 (holding WARN Act claim analogous to breach of contract because collective bargaining agreements often require notifications of plant closings, and analogous to personal injury claims or torts including wrongful termination). As the district court in *Bledsoe* explained, however, the *Bentley* court's analogies are unpersuasive. *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 793 (S.D. Ohio 2003). A WARN Act violation is not analogous to breach of contract; its remedies do not follow from an agreement between the parties requiring advance notice of mass layoffs, but are purely a creature of statute. The personal injury analogy fails for similar reasons. The statute's purpose is not to address potential harms, such as discrimination or suppression of speech, that would give rise to a personal injury claim, but rather to

---

[2] The plaintiffs urge the court to rely on cases comparing WARN Act suits to claims for breach of contract for statutes of limitations purposes, citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995). The plaintiffs, however, fail to explain how a rule requiring courts to borrow the statute of limitations from the most closely analogous state law where the federal statute lacks a limitations period has any relevance to the question of whether the statute confers a right to jury trial. *See Bledsoe*, 635 F.3d at 842 n.7 (declining to rely on cases borrowing state-law statutes of limitations for federal claims where right to jury trial was implicated); *Nelson*, 2012 WL 118490, at *4 (same).

confer employees with withheld wages and benefits. *See id.*; *cf. Wooddell*, 502 U.S. at 98 (holding action for lost wages under Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 et seq., to be legal rather than equitable because Act's remedies were intended to deter discrimination by unions against members, and harm was analogous to personal injury claim). Further, in contrast to the broad relief afforded in contract and personal injury cases, the WARN Act's strictly-limited remedies are "restitutionary in nature, and [are] not compensation for discriminatory or otherwise wrongful termination or layoff." *Bledsoe*, 635 F.3d at 843. Therefore, the analogies to breach of contract and personal injury do not hold.

The Sixth Circuit in *Bledsoe* held that a better analogy would be to a breach of fiduciary duty, which is equitable in nature. *Bledsoe*, 635 F.3d at 841-42. The *Bledsoe* district court explained the analogy as follows:

> [T]he fiduciary duty [would be] that of an employer to safeguard the welfare of its employees by giving them at least 60 days' notice of any impending mass layoff or plant closing, or, in the absence thereof, remuneration for the number of working days for which it should have given advance notice, but did not. If viewed in this light, the employer might be seen as a trustee, and the relief sought, that being back pay and benefits for a limited, definite time period, might be viewed as funds wrongly managed or withheld by the trustee. Damages, therefore, would be in the nature of restitution, an equitable remedy.

258 F. Supp. 2d at 793. In affirming the district court, the Sixth Circuit concluded that the "analogy to wrongfully withheld funds . . . is an apt one" given that the Act's remedies are limited to back pay and benefits that should have been paid during the period of violation. *Bledsoe*, 635 F.3d at 843. I find this reasoning persuasive.

The second prong of the inquiry invokes the "more important question": whether the WARN Act remedies are legal or equitable in nature. *Id.* at 842. As stated above, the WARN Act remedies consist of money damages in the form of back pay and benefits. "Although an action for money damages was the traditional form of relief offered in courts of law, an award of monetary relief is not necessarily legal in nature." *Id.* at 843 (internal quotation marks and citations omitted). "In particular, money damages have been characterized as equitable when analogous to equitable restitutionary relief." *Id.*; *see also Tull v. United States*, 481 U.S. 412, 423-24 (1987) (distinguishing between remedies that are limited to restoring the status quo and thus equitable, such as restitution or disgorgement of improper profits, and remedies designed to punish defendant, which are legal). Here, the WARN Act is "tailored to restoring the pay and benefits that the employer should have provided to its aggrieved employees" during the period of violation. *Bledsoe*, 635 F.3d at 843. The employer reaps what is essentially an "unjust gain" in failing to provide wages and benefits as required

under the Act, and employees' recoupment of those funds is akin to restitution. *Nelson*, 2012 WL 118490, at *5. Therefore, the WARN Act remedy is "designed to restore the *status quo*, a trademark indicium of equitable relief." *Id.*

In addition, as noted above, § 2104(a)(4) of the Act permits a district court, in its discretion, to reduce the employer's liability based on a finding that the employer's actions were in good faith. As the Sixth Circuit explained in *Bledsoe*, this provision vests discretion in the district court over "the entire amount of the liability" incurred by the employer. 635 F.3d at 844. Such judicial discretion is a hallmark characteristic of an equitable remedy. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 443 (1975) (Rehnquist, J., concurring). In his concurrence in *Albemarle*, Justice Rehnquist characterized the remedy of back pay under Title VII as equitable based on the district court's "substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination." *Id.* He distinguished Title VII's discretionary remedies from mandatory remedies "which follow as a matter of course from a finding of wrongdoing," and are considered legal remedies. *Id.* The WARN Act has a similar remedial structure to Title VII, particularly with regard to § 2104(a)(4), and Justice Rehnquist's logic equally applies. The judicial discretion infused in the Act further supports the conclusion that the remedy is equitable in nature.

The plaintiffs argue that the language of § 2104(a)(4) is not dispositive because the "good faith" defense is an affirmative defense that can only be addressed by the court after a threshold finding of liability. The plaintiffs further contend that, because the Sixth Circuit in *Bledsoe* based its decision on the judicial discretion conferred in § 2104(a)(4), and the defendant here has not formally raised a good faith defense under § 2104(a)(4), that *Bledsoe*'s holding is not relevant here. Putting aside the question of whether an employer's defense under § 2104(a)(4) is an affirmative defense that must be raised in the pleadings, the plaintiffs' arguments are inapposite. Whether the statutory good faith defense is an affirmative defense has no bearing on the fact that the court retains discretion over the entire amount of liability under the statutory scheme. Moreover, the plaintiffs' assertion that *Bledsoe* was "centered" on § 2104(a)(4) misreads the decision. The district court in that case found the employer not liable after a bench trial, and the good faith defense was not specifically at issue on appeal. 635 F.3d at 839. More importantly, the discretion afforded the district court under § 2104(a)(4) was only one factor supporting the Sixth Circuit's decision, not the exclusive basis. *Id.* at 841-44. *Bledsoe* was premised on interpreting the statutory scheme as a whole, and its holding that the WARN Act remedies are equitable does not depend on whether the good faith defense is raised in a specific case, as advocated by the plaintiffs.

The plaintiffs further argue that the WARN Act's award of back pay and benefits is comparable to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., which also award back pay and benefits and have been interpreted by courts as legal claims that entitle the parties to jury trial.[3] *See, e.g.*, *Frizzell v. Sw. Motor Freight*, 154 F.3d 641, 644 (6th Cir. 1998) (addressing FMLA jury trial right); *Martin v. Deiriggi*, 985 F.2d 129, 134 (4th Cir. 1992) (addressing FLSA jury trial right). These statutory remedies, however, are easily distinguishable from the WARN Act, because both the FLSA and the FMLA provide for damages and equitable relief as distinctive categories of relief. *Bledsoe*, 258 F. Supp. 2d at 796; *see also Lorillard v. Pons*, 434 U.S. 575, 585 (1978) (holding jury trial appropriate under Age Discrimination in Employment Act where Act provided

---

[3] Similarly, the plaintiffs contend that the language of the WARN Act is similar to the Copyright Act, 17 U.S.C. §§ 101 et seq, and the Communications Act, 47 U.S.C. §§ 151 et seq., both of which maintain a right to jury trial under the Seventh Amendment. I am not persuaded that these statutes are similar. As the plaintiffs point out, both statutes permit the court to award damages in the amount "the court considers just," and allow the court to reduce damages if the defendant acted in good faith. 17 U.S.C. § 504(c)(1)-(2) & 47 U.S.C. § 605(e)(3)(C)(i)(II). The cases holding that there is a Seventh Amendment jury trial right under these statutes substantially rely, however, on the fact that "overwhelming evidence that the consistent practice at common law was for juries to award damages" in copyright infringement cases — a history entirely absent from WARN Act claims. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998); *Sky Cable, LLC v. Coley*, No. 5:11cv00048, 2013 WL 5963027, at *3-4 (W.D. Va. Nov. 7, 2013) (finding jury trial right under Communications Act based on similarity to Copyright Act statute).

Case 2:14-cv-00006-JPJ-PMS   Document 52   Filed 11/24/14   Page 11 of 12   Pageid#: 645

separately for legal or equitable relief). Further, the court's discretion over the amount of damages under the FLSA and the FMLA extends only to the award of liquidated damages, and the court may not reduce or vacate the underlying reward of legal damages. *Id.* By contrast, the WARN Act only provides for one type of damages, back pay and benefits, and the court may in its discretion reduce or eliminate the award entirely. *Id.* Therefore, in contrast to the FLSA and the FMLA, the WARN Act remedies are equitable in their entirety.

For these reasons, I conclude that there is no right to jury trial under the WARN Act. Therefore, it is **ORDERED** that the defendant's Motion to Strike Jury Demand (ECF No. 33) is GRANTED.

ENTER: November 24, 2014

/s/ James P. Jones
United States District Judge