IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| HAYWARD CREECH, JR., MICHAEL FAUSTICH, and JERRY BENTLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:14-cv-00006-JPJ-PMS |
| VIRGINIA FUEL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

### **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE**

Hayward Creech Jr., Michael Faustich, and Jerry Bentley ("Named Plaintiffs") and Defendant Virginia Fuel Corporation (collectively, the "Parties"), by counsel, submit this Memorandum in Support of their Joint Motion for an Order preliminarily approving the settlement agreement between Plaintiffs and Virginia Fuel and approving the Notice to the Class.

In support of their Joint Motion, the Parties respectfully submit the following:

### **Jurisdiction**

1. This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

### **Background**

2. On or about March 7, 2014, the Named Plaintiffs filed their Complaint in this action asserting a claim under the WARN Act on behalf of themselves and the Proposed Class.

3. The Named Plaintiffs, former employees of Defendant, claim that they and the other former employees experienced an employment loss at the Defendant's Wilson 1 and Wilson 2

mines (the "Wilson mines") on or about May 15, 2013 without receiving 60 days' written notice of their terminations as required by the WARN Act.

4. Defendant asserts defenses to the WARN Act litigation, including but not limited to its position that 50 or more employees did not experience an employment loss at a single site of employment.

5. This Court certified a class on June 23, 2014, consisting of all persons who were employed by Virginia Fuel Corporation at or in connection with the Wilson mines and who were terminated or otherwise subjected to an employment loss as a result of a mass layoff or plant closing within the meaning of the WARN Act on or about May 2013. Plaintiffs' counsel were appointed Class Counsel. Class Counsel mailed the Court approved Class notices to the putative class members and only two people timely requested exclusion from the Class.

6. Class Counsel and Defendant disagree as to whether Defendant has any obligation or liability under the WARN Act with respect to the claims asserted in the Complaint.

7. Plaintiffs took discovery in this case, including two sets of interrogatories, requests for production, and a Rule 30(b)(6) deposition.

8. On November 25, 2014, the Parties participated in mediation before Judge Sargent. As part of the mediation process, the Parties prepared confidential written position statements as to what each Party viewed as its respective strengths and weaknesses. As a result of the mediation, the Parties have reached an agreement (the "Agreement"). The Parties' Agreement is attached hereto as Exhibit A.

9. Title 29 U.S.C. § 2104(a)(6) provides that attorneys' fees may be awarded to the prevailing party in a WARN Action. Class Counsel represents that their agreement with the Named Plaintiffs entitled Class Counsel to legal fees equal to one-third of the recovery, plus

costs. Class Counsel has agreed, however, to reduce its request for fees to 27% of the total recovery, plus costs.

10.     The Named Plaintiffs support the settlement of this litigation pursuant to the terms of the Agreement.

11.     The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, arising from this litigation, as described below.

## The Settlement

12.     The Parties ask the Court to approve the Agreement for the following reasons:

   (a)     The Agreement reflects the result of arms' length, good faith negotiations.

   (b)     The Agreement reflects the Parties' recognition that there were significant issues in the case regarding the application of the WARN Act. Virginia Fuel asserts that it has no obligation under the WARN Act. If the Named Plaintiffs were successful in the litigation, however, they could have a claim against Defendant for over $1,100,000 plus fees and costs.

   (c)     The Parties engaged in negotiation over these issues and weighed the possibility of extensive, costly litigation.

   (d)     As a result of the Parties' negotiations, and as fully set forth in the attached Agreement, the Named Plaintiffs and the Defendant wish to fully and finally settle and resolve this litigation on the terms and conditions of the Agreement.

13.     Under the proposed Agreement, Virginia Fuel has agreed to pay a total of $625,000. The amount of each Class Member's settlement was derived by calculating an estimate of the amount of wages each Class Member would receive in a 60 day period, according to Defendant's books

and records ("Total Potential Damages").  Each Class Member then receives a pro rata percentage of his Total Potential Damages based on his membership in Group A or Group B.  "Group A" includes 55 Class Members who Virginia Fuel laid off on or about May 15, 2013 who were not hired by Nine Mile Mining, Inc. on or before May 20, 2013.  "Group B" includes 38 Class Members who left employment with Virginia Fuel on or about May 15, 2013 and received jobs at Nine Mile Mining, Inc. on or about May 20, 2013.  Each member of Group A will receive 84% of his Total Potential Damages, before attorney's fees.  Each member of Group B will receive 24% of his Total Potential Damages, before attorneys' fees.  These percentages are based on the strength of the claims of the respective groups.  Virginia Fuel will distribute the settlement payments (less attorneys' fees and expenses, normal employee payroll withholdings, and the Service Payment and medical bills discussed below) to the Class Members.  Virginia Fuel also will distribute W-2 Forms to each Class Member.

14.     The three Named Plaintiffs will have, in addition to the award described in Paragraph 13, an additional payment in the sum of $5,000 each, less attorneys' fees, in payment for the service they provided to the Class in connection with the prosecution of this action (the "Service Payment").  Finally, one member of Group A will receive an additional, net payment of $1,272.43, which represents 84% of uninsured medical expenses he incurred within 60 days of May 15, 2013.  No other Class Member submitted uninsured medical expenses to Class Counsel in a timely manner for consideration and reimbursement.

## The Class Notice

15.     "In the context of a class action, the due process requirements of the Fifth Amendment require 'reasonable notice combined with an opportunity to be heard and withdraw from the class.'"  *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 472 (W.D. Va. 2011) (quoting *In*

*re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 231 (S.D. W. Va. 2005)). Rule 23(c)(2)(B) requires that class members receive "the best notice practicable under the circumstances." The Supreme Court has held that due process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out.'" *Domonoske*, 790 F. Supp. 2d at 472 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)).

16. The Parties submit that the proposed Class Notice, attached hereto as Exhibit B, meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). That rule requires that notice to Class Members be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Rule also requires, as relevant here, that the notice identify (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney; and (v) the binding effect of a class judgment on members.

17. The proposed Class Notice satisfies each of these requirements. The Notice describes the nature of the action, provides the definition of the class, describes the Named Plaintiffs' claims and Virginia Fuel's defenses, informs class members of the right to appear and retain counsel, and informs class members of the binding nature of the proposed Agreement. The Notice describes the nature of the proposed Agreement and the right of each Class Member to object to the proposed Agreement or the proposed attorneys' fees.

18. The form of the Notice will be an individual mailing to each Class Members' last known address, as detailed in the proposed Agreement. Class Counsel has current addresses for all but two Class Members, and Class Counsel is making every effort to locate those individuals. The fairness hearing is set for February 23, 2015, which allows Class Members ample time to

evaluate the proposed Agreement. The Parties submit that the proposed Class Notice provides the best notice practicable to the Class Members.

**The Settlement Should be Approved as Fair, Reasonable, and Adequate to the Class**

19. To determine the fairness of a class settlement, courts consider "(1) the posture of the case at the time the settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [the] class action litigation." *Domonoske*, 790 F. Supp. 2d at 473 (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991)).

20. The first factor requires the court to consider "how far the case has come from its inception," as a settlement of a case in its infancy points toward collusion. *Id.* Similarly, the second factor requires the court to determine whether the case was well developed such that the parties appreciated the "full landscape of their case." *Id.* Here, the Parties reached a settlement agreement just two weeks before the trial date. Plaintiffs conducted written discovery, reviewed documents produced by Defendant, and conducted a thorough Rule 30(b)(6) deposition. The case was well developed and the Parties fully understood the strengths and weaknesses of their claims. The Parties conducted their settlement negotiations at arms' length, formally, with the aid of Judge Sargent. Finally, Class Counsel is experienced in both class actions generally and employment litigation in particular, as set forth in Plaintiffs' Brief in Support of Motion for Class Certification, ECF No. 16-1.

21. To determine the adequacy of a proposed class action settlement, courts consider "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the

likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Domonoske*, 790 F. Supp. 2d at 473 (citing *In re Jiffy Lube*, 927 F.2d at 159). The court "weigh[s] the benefits of the settlement to the class against the strength of the defense, and the expense and uncertainty of litigation." *Id.*

22. Plaintiffs are confident in the strength of their claims, but recognize that there is some risk Virginia Fuel would prevail on its argument that the Wilson mines did not constitute a single site of employment. Plaintiffs also believe that the Group B Class Members, those who received jobs at Nine Mile Mining, Inc. shortly after their employment ended with Virginia Fuel, can establish a WARN Act violation. Plaintiff recognize, however, that Virginia Fuel may have been able to establish that these individuals either cannot prove liability under the WARN Act or would not be entitled to more than minimal damages. The Parties believe that the proposed Agreement takes these issues into account. The Parties also recognize that litigating this action through trial would be complicated, protracted, and expensive.

23. The proposed Agreement is therefore in the best interest of the Parties and is fair, reasonable, and adequate to all concerned.

24. The Class Representatives support the settlement of this litigation. Class Counsel believe that all or nearly all Class Members will be similarly supportive.

25. Class Counsel's attorneys' fees also are reasonable. Class Counsel has agreed to accept 27% of the total Settlement amount, which is $168,750.00, rather than the 33 1/3% contingency fee contained in their retainer contracts with the Named Plaintiffs.

WHEREFORE, the Parties respectfully request that the Court enter an Order preliminarily approving the Agreement between Plaintiffs and Virginia Fuel and approving the form and manner of Notice to the Class Members.

Respectfully submitted,

HAYWARD CREECH, JR., MICHAEL FAUSTICH, and JERRY BENTLEY

By: /s/ Paul G. Beers

Paul G. Beers (VSB # 26725)
E-mail: pbeers@glennfeldmann.com
Andrea Hopkins (VSB # 85093)
E-mail: ahopkins@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050

Hugh F. O'Donnell (VSB # 20468)
Email: hughfarley@comcast.net
Client Centered Legal Services of Southwest Virginia
P. O. Box 829
Norton, Virginia 24273
Telephone (276) 395-3926
Facsimile (276) 395-3927

Counsel for the Plaintiffs



By: /s/ Todd Leeson

Todd Leeson, Esq.
E-mail: Leeson@gentrylocke.com
Gentry Locke Rakes & Moore LLP
10 Franklin Road, SE
Roanoke, Virginia 24022
Telephone (540) 983-9437

Terry G. Kilgore, Esq.
E-mail: tkilgore@kilgorelawoffice.com
197 West Jackson Street
Gate City, Virginia 24251

Dustin M. Deane, Esq.
E-mail: dustin.deane@justicecorporation.com
James C. Justice Companies, Inc. & Affiliates
302 South Jefferson Street
Roanoke, Virginia 24011.

Counsel for Virginia Fuel Corporation